IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHN T. SANDERS,<br><br>      Plaintiff,<br><br>vs.<br><br>CUYAHOGA COUNTY, OHIO, *et al.*,<br><br>      Defendants. | Case No.: 1:21cv1254<br><br>Judge Charles E. Fleming<br><br>**PLAINTIFF JOHN SANDERS'S**<br>**MOTION TO ENFORCE**<br>**SETTLEMENT AGREEMENT** |

Plaintiff John Sanders respectfully moves the Court to enforce the settlement between himself and Defendants in this action.

### I.    Issue Presented

A federal court may enforce settlement agreements in pending litigation if agreement has been reached on all material terms. The parties here reached agreement on all material terms through a Memorandum of Understanding ("MOU") but Defendants are demanding broader language in the final settlement agreement document than bargained for, and the proposal includes an unethical provision. Should the Court enforce the settlement?

### II.    Background Regarding Settlement

The action arises from John Sanders being struck by metal pellets from a beanbag shotgun round (a less lethal weapon, like a "regular" shotgun shell but with the pellets encased in a cloth bag/cover), exploding and destroying Mr. Sanders's left eye. This occurred while John Sanders was leaving the Justice Center in Cleveland, Ohio on May 30, 2022, after lawfully protesting. The protest was sparked by the May 25, 2020 death of George Floyd in Minneapolis,

Minnesota.  Days after Floyd's death, protests began across the nation, including in Cuyahoga County, Ohio, outside the County's Justice Center.

Sanders was one of the protesters exercising his constitutional rights that day.  He had a right to do so without fear of retaliation by law enforcement, and to be free from the government's use of excessive force, whether by means of "non-lethal" weapons like tear gas, pepper spray, flash-bang grenades, rubber bullets, wooden pellets, batons, body slams, *beanbag munitions*, or by some other means of punishment or physical restraint.  It was as Mr. Sanders was *walking past and away* from the Justice Center, with no one in his immediate vicinity engaged in any violence, that he was shot with a round of beanbag munitions, fired by Cuyahoga County Deputy Sheriff Bruce Lourie, which exploded its metal pellets into his left eye, destroying it.

Defendants in this action are/were Cuyahoga County; former County Executive, Armond Budish; then-Acting Sheriff, David Schilling, Jr.; Deputy Sheriff Bruce Lourie; and Deputy Sheriff Juan Rodriguez.  John Sanders stated a claim under 42 U.S.C. § 1983 that each Defendant was liable for the loss of his left eye resulting from the lawful exercise of his constitutional rights.  Defendants did so by using and/or permitting the unwarranted and excessive (albeit "less-lethal" or "less-than-lethal") force, including the indiscriminate firing of beanbag munitions at protestors and bystanders who were engaging in no wrongful conduct, and without providing a warning affording the opportunity to remove themselves from harm's way.

This Court largely denied Defendants' Motion for Judgment on the Pleadings by an order dated December 20, 2022.  The Parties had engaged in written discovery before and after the decision.

The parties agreed to mediation on July 5 with the assistance of attorney Michael Ungar of Ulmer Berne. The Parties reached a settlement agreement memorialized in a written Memorandum of Understanding ("MOU") prepared by Attorney Ungar. A copy of that MOU, redacted of the settlement amount out of deference to the County's internal process, is attached as Exhibit 1. It includes language that "The Settlement Agreement will include broad, general releases of all claims against all defendants including claims for attorney fees."[1] The County agreed under the same MOU to prepare an initial draft of the Settlement Agreement, which has resulted in a disagreement among the parties regarding both the *breadth* of the proposed release and the *parties* to be released.[2]

Attached as Exhibit 2 is a redacted copy of Defendants' proposed Settlement Agreement to include paragraphs 4 and 5. Paragraph 4 contains the ordinary, broad civil release language that one would expect and to which Mr. Sanders takes no exception. It is the same or highly similar language, in counsel's experience, that the County has used in other recent settlements involving abuse by sheriff's department personnel.

The problem lies with paragraph 5[3] which purports to cast a far broader net, and includes language that would require John Sanders to (again) give up his First Amendment rights to complain outside of civil-damages litigation to, for example, the Sheriff, County Executive, or *even third parties* about Deputy Lourie's conduct. (Conspicuously missing from paragraph 5's first sentence is the limitation of its scope, as required in the MOU, to just Defendants.) It would

---

[1] Mr. Sanders is prepared to provide the Court with the full MOU unredacted of the settlement amount if there is no objection from Defendants or if the Court otherwise wants it. There is no dispute about it.

[2] Again, Mr. Sanders is prepared to provide the Court with the full proposed settlement agreement unredacted of the settlement amount if there is no objection from Defendants or if the Court otherwise wants it. There is no dispute about it.

[3] Mr. Sanders's counsel also did not agree to, and will not be, signatories to the Agreement as Defendants require on their proposed form, and oppose implied waivers of attorney-client privilege the way the draft is currently written, but presume that those issues can be worked out. Those issues are addressed in Plaintiff's markup of the County Defendant's proposed Settlement Agreement. Exhibit 4.

also seemingly require that Mr. Sanders give up any right to file a grievance or any action of any type against any third party in which he would request an investigation, discipline, reprimand, or any adverse action whatsoever against the "County Defendants," a term defined at the beginning of the Agreement to include "Defendant Cuyahoga County and its past, present and *future Sheriffs*, staff, officers, public or elected officials, principals, agents, *attorneys*, employees, medical providers, contractors, representatives, servants, successors, assigns, affiliated entities, subsidiaries, and insurers…." (Emphasis added.) As a matter of professionalism and to avoid any ambiguity, Plaintiff's counsel advised counsel for Defendants that Mr. Sanders contemplated taking two actions that the broad language of paragraph 5 might implicate.

First, counsel advised that Plaintiff contemplated an equitable-relief action (only) against the assigned special prosecutor under Ohio's Marsy's law. That is the Ohio constitutional amendment that affords crime victims certain rights including, among others, the rights "to proceedings free from unreasonable delay and a prompt conclusion of the case" and "to confer with the attorney for the government." Ohio Const., Art. 1, § 10a. This matter supposedly has been under criminal investigation for over three years and assigned to a special prosecutor outside of Cuyahoga County. But that prosecutor has taken no apparent action and persistently refuses to communicate with or even respond to Mr. Sanders or his counsel in violation of Marsy's Law. The most recent communication from the Ohio Bureau of Criminal Investigation states that the matter is not yet closed. (Attached as Exhibit 3.)

Second, Plaintiff wishes to retain the right to ensure that the public and Cuyahoga County officials know that Deputy Lourie remains on the job despite his conduct toward Mr. Sanders and Lourie's dubious background and non-disclosures that resulted in his unfortunate hiring. Plaintiff's counsel therefore requested, if Defendants' counsel insisted on the unnecessary

4

language in paragraph 5 that went beyond what was agreed to in the MOU, certain modifications to the draft Agreement to make it clear that Plaintiff retained his right to file a Marsy's Law action for injunctive relief *only*, and to exercise his First Amendment rights regarding his earlier violations of his First and Fourth Amendment rights. But Defendants have refused to budge regarding their overreaching language and have rejected any proposed modifications.

In any case, the proposed language is also unethical because the definition of County Defendants includes "attorneys," and paragraph 5 includes a waiver of the right to file any grievance—including, therefore, an ethics grievance against an attorney. *See generally* Ohio Bd. of Prof. Cond. Adv. Op. 2010-3 (improper under Ohio Prof. Cond. R. 8.4(d) and 8.4(h) to require waiver of right to file grievance).

And the waiver language in paragraph 5 about the underlying incident, unlimited to Defendants, is so broad that third parties could read it as limiting liability to them.

Defendants seek relief far beyond the scope of the MOU and should be required to execute their proposed Agreement after Plaintiff's edits and without paragraph 5.

**III.    Law and Argument**

**A. The Court has the authority to summarily enforce the settlement reached in at the mediation.**

The Sixth Circuit has repeatedly held that a federal court may enforce agreements entered in settlement of litigation pending before them, "so long as agreement has been reached on all material terms." *McDermott v. Advanstar Communs., Inc.*, 2007 U.S. Dist. LEXIS 95003 at *16–17 (N.D. Ohio Dec. 12, 2007), quoting *Michigan Reg'l Council of Carpenters v. New Century Bancorp*, 99 Fed App'x 15, 20 (6th Cir. 2004); *Re/Max Int'l v. Smythe, Cramer Co.*, 271 F.3d 633, 646 (6th Cir. 2001). "Ordinarily, an evidentiary hearing is required where facts material to an agreement are disputed," but a hearing is not required if the agreement is "clear and

unambiguous and no issue of fact is present." *McDermott*, 2007 U.S. Dist. LEXIS 95003 at *16, citing *Michigan Reg'l Council of Carpenters*, 99 Fed App'x at 20 (citations omitted); *Jones v. Cleveland*, 2020 U.S. Dist. LEXIS 105887 at *18 (N.D. Ohio 2020) (Barker, J.). Thus, "summary enforcement of a settlement agreement has been deemed appropriate where no substantial dispute exists regarding the entry into and terms of an agreement." *McDermott*, *id*. When the district court has jurisdiction, it may summarily enforce a settlement agreement if agreement has been reached on all material terms and no ambiguities remain. *Limbright v. HofmeisterI,* 566 F.3d 672, 674–75 (6th Cir. 2009).

Here, the terms are straightforward and are not in dispute, but Defendants seek additional relief for which the parties did not bargain. A "court must enforce the settlement as agreed to by the parties and is not permitted to alter the terms of the agreement." *Brock v. Scheuner Crop.*, 841 F.2d 151 at 154 (6th Cir. 1988). Although Plaintiff stands ready to execute a reasonable release, Defendants insist on term for which they did not bargain and to which Plaintiff did not—and would never—agree.

**IV.  Conclusion**

Plaintiff respectfully requests that this Court enforce the settlement agreement by directing Defendants to immediately present the Settlement Agreement accepting Plaintiff's edits and without paragraph 5 to the County Council for approval.

Dated: August 2, 2023                                          Respectfully submitted,

| | |
|---|---|
| /s/ Subodh Chandra | /s/ Dennis E. Murray, Jr. |
| Subodh Chandra (0069233) | Dennis E. Murray, Jr. (0038509) |
| Donald P. Screen (0044070) | William H. Bartle (0008795) |
| THE CHANDRA LAW FIRM LLC | MURRAY & MURRAY CO., L.P.A. |
| The Chandra Law Building | 111 East Shoreline Drive |
| 1265 West Sixth Street, Suite 400 | Sandusky, Ohio 44870-2517 |
| Cleveland, Ohio 44113 | (419) 624-3126 (p) / (419) 624-0707 (f) |
| 216.578.1700 (p) /216.578.1800 (f) | dmj@murrayandmurray.com |

Subodh.Chandra@ChandraLaw.com
Donald.Screen@ChandraLaw.com

*Attorneys for Plaintiff John Sanders*

7

**CERTIFICATION OF SERVICE**

  This is to certify that a copy of the foregoing document was filed electronically on this 2nd day of August, 2023. Notice of this filing will be sent to the parties by operation of the Court's electronic system. Parties may access the filing through the Court's system.

              */s/ Dennis E. Murray, Jr.*
              Dennis E. Murray, Jr. (0038509)
              MURRAY & MURRAY CO., L.P.A.

              *Attorney for Plaintiff*