## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into by and between (1) Plaintiff John T. Sanders, on behalf of himself and his heirs, executors, administrators, successors, assigns, attorneys, and agents (hereinafter "Plaintiff" or "Sanders"), and (2) Defendant Cuyahoga County and its past, present, and future Sheriffs, staff, officers, public or elected officials, principals, agents, attorneys, employees, medical providers, contractors, representatives, servants, successors, assigns, affiliated entities, subsidiaries, and insurers (hereinafter the "County Defendants") (collectively the "Parties").

## WITNESSETH

**WHEREAS**, Sanders commenced a certain civil action, captioned *John Sanders v. Cuyahoga County al.*, in the Court of Common Pleas for Cuyahoga County, Ohio, which was assigned case number CV-21-948190 ("the Litigation").

**WHEREAS,** the County timely removed the Litigation to the United States District Court for the Northern District of Ohio, where it was captioned to Case No. 1:21cv1254.

**WHEREAS**, Sanders named Cuyahoga County, former County Executive Armond Budish, former Sheriff David Schilling, former Safety Services Director Shane Alex Pellom, Deputy Sheriff Bruce Lourie, and Deputy Sheriff Juan Rodriguez as Defendants ("the Defendants") in the Litigation and purported to state several claims against said Defendants arising out of events occurring in Cleveland, Ohio on May 30, 2020 (the "Incident").

**WHEREAS**, the Defendants have denied any liability for the claims alleged in the Litigation.

**WHEREAS,** the Parties are mindful of the cost and uncertainties inherent in further prosecuting and defending said Litigation, and wish to settle and compromise all disputes,

**Exhibit 2**

differences, claims, and other controversies by and between them, including any and all future claims or other claims for injury, loss, or damages as may be filed or asserted by any beneficiary, next-of-kin, or representative of John T. Sanders, arising out of or by reason of or in any manner connected with the Lawsuit or the Incident; and

**NOW, THEREFORE**, in consideration of the mutual covenants and agreements herein contained, and for other valuable consideration, the sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. Within forty-five (45) days of the last to occur of: (1) the County receiving from Plaintiff all necessary tax forms from him and his counsel; (2) the County receiving a signed copy of the dismissal entry for filing with the Court; (3) the return of a Plaintiff's signed copy of this Agreement to the County Defendants; and (4) the formal approval of this Settlement Agreement by the Cuyahoga County Council through the enactment of appropriate legislation, Cuyahoga County shall pay the sum of [Redacted] ("Settlement Amount") to the Murray & Murray Client Escrow Account, as a compromise of Plaintiff's claim for damages from physical injury. Such shall be provided without any income tax withholdings or any other deductions. The County Defendants reserve the right to issue any tax-reporting forms they deem appropriate in connection with this payment. Plaintiff reserves the right to disagree with whatever decision the Court makes about tax-reporting forms.

2. The Settlement Amount shall constitute the consideration and full satisfaction for all claims for damages, costs, and attorney fees that have been requested or could have been requested by Sanders and his attorneys in the Litigation. After payment of the Settlement

Amount by the County, neither the County Defendants nor any other person or entity released under this Agreement shall have any further obligation to Plaintiff. **Plaintiff expressly consents and agrees to the foregoing distribution of the stated portion of the Settlement Amount to his attorneys, as described in Paragraph 1 of this Agreement and explicitly waives his right to personally receive payment and expressly releases the County Defendants from all claim and liability that may arise from payment to his attorneys**. Plaintiff acknowledges and agrees that the Settlement Amount is being provided to settle and resolve all disputed claims, motions, and other controversies by and between the Parties in connection with the Litigation. Plaintiff further agrees that he is solely responsible for all federal, state, and/or local income tax and/or other tax liabilities, responsibilities, obligations, or consequences that are or may become due and payable in connection with the Settlement Amount being paid hereunder, and Plaintiff understands that he can and should consult with his financial advisor(s) and/or tax counsel regarding this subject. Plaintiff affirms that neither the County Defendants nor their counsel make any representations or warranties whatsoever concerning the potential tax obligations, responsibilities, liabilities and/or consequences associated with the Settlement Amount being provided hereunder. Plaintiff is unaware of any liens and/or pending legal claims applicable to the Settlement Amount**.** Nevertheless, Plaintiff agrees to indemnify and hold harmless the County Defendants from and against all tax liabilities, obligations, responsibilities (including withholdings) or other tax consequences including, without limitation, all penalties, interest, and other costs that may be imposed upon the County by the Internal Revenue Service or other governmental agencies as a result of this Settlement Amount.

3. Upon receipt and bank clearance of the payment identified in Paragraph One above, Plaintiff's counsel shall promptly file in the United States District Court, Northern District of Ohio a Notice of Dismissal, with prejudice, of the Litigation under Fed. R. Civ. P. 41(a), including all claims against Cuyahoga County, Armond Budish, David Schilling, Shane Alex Pellom, Bruce Lourie, and Juan Rodriguez, Jr. and any other former or current employees of Cuyahoga County in their individual and official capacities, with each party to bear their own costs, expenses, attorneys' fees, and any other litigation expenses.

4. For and in consideration of the foregoing promises, Plaintiff John T. Sanders on behalf of himself and his heirs, executors, administrators, successors, assigns, attorneys, and agents, hereby releases all the Defendants in the Litigation, including Defendant Cuyahoga County, and all of its past, present, and future Sheriffs, Cuyahoga County Corrections Center staff, as well as each of the foregoing's officers, public or elected officials, principals, agents, attorneys, employees, medical providers, contractors, representatives, servants, successors, assigns, affiliated entities, subsidiaries, and insurers, in their individual and official capacities, for any and all claims, injuries, damages, losses, causes of action or suits at law or in equity of whatsoever kind or nature, including all claims for costs and attorney fees, sanctions, and/or interest, arising from or relating to any acts or events that occurred on or before the Effective Date of this Agreement, including any and all claims and motions that were raised or could have raised in the Litigation. Moreover, this Release is expressly intended to include and does include any and all claims that Plaintiff may now or may hereafter have against Defendants Cuyahoga County, Armond Budish, David Schilling, Shane Alex Pellom, Bruce Lourie, and Juan Rodriguez, Jr., and any other former or current employees of Cuyahoga County for any and all claims,

including, without limitation, claims for: personal injuries; medical negligence; civil rights violations; violation of any state or federal laws; violations of any constitutional rights recognized under the Constitution of the State of Ohio or of the United States; prejudgment interest, and/or post-judgment interest; punitive damages; pain and suffering; survivorship claims; loss of companionship, loss of services, guidance, attention, consortium, society, or support; mental or emotional distress; hospital, medical, pharmaceutical, nursing, nursing home, home care, rehabilitation, or assisted living expenses; loss of past or future wages; claims arising by virtue of Ohio Revised Code § 2125.01, § 2125.02 or § 2125.03, *et seq.*, § 2307.60 or the laws and statutes of any other jurisdiction, or by virtue of any amendments thereto, or by virtue of any interpretation that may be placed upon such statutes by the courts of Ohio or courts in other jurisdictions; and any and all other claims, damages, or expenses, whether known or unknown, arising out of or by reason of or in any manner connected with the aforesaid Incident and/or the Litigation.

     5.     Plaintiff agrees never to bring suit, start, or threaten litigation, file an action, or assert any claim, grievance, or cause of action, in any court of law (state or federal), or before any administrative agency, licensing board, accreditation organization, professional society, or regulatory body (state, federal or local), arising out of, incidental to, or in any manner connected with the Incident or the subject matter described in this Agreement. Plaintiff understands that this includes any claims for personal injuries; medical negligence; civil rights violations; violation of any state or federal laws; violations of any constitutional rights recognized under the Constitution of the State of Ohio or of the United States; prejudgment interest, and/or post-judgment interest; punitive damages; pain and suffering, loss of companionship, services,

consortium, society, or support, mental or emotional distress, hospital, medical, pharmaceutical or nursing expenses, lost wages, and interest of any type, or any claim or grievance seeking to investigate, survey, discipline, reprimand, sanction, fine or take any other adverse action against the licensure or approval to conduct business, of the County Defendants.

6. To procure the payment of the foregoing consideration, Plaintiff hereby declares that no representations about the nature and extent of any injuries, disabilities, or damages made by any physician, attorney, or agent of County Defendants, nor any representations regarding the nature and extent of legal liability or financial responsibility of the County Defendants have induced Plaintiff to enter into this Agreement.

7. Plaintiff further represents that, in determining the amount of the foregoing consideration, there has been taken into account not only the ascertained damages sustained as a result of the Incidents, but also the possibility that any damages sustained may be uncertain and indefinite, so that consequences not now anticipated may result from the Incidents and that this Agreement is intended to compromise and terminate all claims for injuries, disabilities, and damages of whatever nature, both known and unknown, including all future developments thereof, in any way growing out of or connected with the Incidents and/or Lawsuit.

8. Plaintiff represents he knows of no lien or reimbursement right by any hospital, ambulance or service, or other medical provider, Medicare, Medicaid, insurance company, or attorney enforceable against the proceeds of this Agreement, the Lawsuit, or the County, or individuals and/or entities making a payment under this Agreement.

9. Plaintiff represents that he was not a Medicare beneficiary, and that Medicare has made no conditional payments on his behalf. Plaintiff acknowledges that CMS (Medicare) has a

right to recover any conditional payments from the settlement funds which were not resolved at the time of the settlement. Plaintiff warrants and represents that the Ohio Department of Medicaid has made no conditional payment on his behalf. Plaintiff acknowledges that the Ohio Tort Recovery Unit (Medicaid) has a right to recover any conditional payments from settlement funds that were not resolved at the time of settlement. Plaintiff represents that he has not and does not anticipate seeking medical treatment that he would submit to Medicaid because of the events giving rise to the Lawsuit. Plaintiff acknowledges he will be solely responsible for any conditional payments that may arise and be demanded by the Ohio Tort Recovery Unit or Ohio Department of Medicaid in connection with the events alleged in the Lawsuit.

10. The Parties acknowledge that each continues to bear responsibility for any debts or other obligations he/it may owe. Plaintiff understands that this Agreement does not obligate the County Defendants to pay any medical expenses, liens, or any other outstanding debts that may be owed to any party claiming a right or entitlement to all or part of the Settlement Amount.

11. Plaintiff agrees to indemnify, defend, and save harmless the County Defendants from any claims, including, but not limited to, claims for attorneys' fees, expert fees, and consulting fees, and claims for contribution, subrogation, or indemnity, by other medical insurers, medical providers, Medicare, any Medicare Advantage plan, any Ohio Medicaid Managed Care Plan, any other local, state, or federal agency, or any other individual or entity. Plaintiff's obligation under this paragraph shall include payment of any fees, fines, sanctions and/or expenses incurred by arising from any such claims or liens, including the County Defendants' costs of investigating, responding to, defending, or otherwise answering such claim, demands and lien requests. The purpose of the paragraph is to put absolute finality of any alleged

responsibility and financial liability of the County Defendants regarding this matter upon Plaintiff, and, that if any future claims arise regarding the Incident or settlement thereof, all responsibility for indemnity payments, costs, fees, penalties, restitution, and interest associated with the defense shall fall upon Plaintiff. If any party becomes aware of any indemnification claim, said party will notify Murray & Murray Co., L.P.A. and agree to Murray & Murray Co., L.P.A. handling all legal services necessary to resolve any such claims(s) to the maximum extent permitted by law.

12. It is expressly understood and agreed that the County Defendants admit no liability of any sort by reason of this settlement or the payment of the foregoing consideration, and that said payment is made solely to terminate the Litigation and put an end to any further disputes over the matters described hereinabove. Furthermore, this settlement agreement shall not be used as evidence in any subsequent legal proceedings except to enforce its terms or a subsequent proceeding in which the provisions of this Agreement are a defense to a claim or suit brought against the Parties.

13. The Parties hereby declare that each of them has read this Agreement, that they have had a full opportunity to consult legal counsel concerning its terms and the settlement described herein, that each fully understands the terms of same, that they enter into this Agreement relying solely upon their own judgment and the advice of their own legal counsel, and that each executes this Agreement as their own voluntary act. The County Defendants and all persons or entities released under this Agreement expressly deny any liability.

14. The consideration stated hereinabove is the full consideration for this Agreement and Plaintiffs voluntarily accept said sum for the purpose of making a full and final compromise.

If one or more of the provisions of this Agreement is deemed to be illegal or unenforceable, the remainder of this Agreement shall not be affected thereby, and each remaining provision or portion thereof shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

15. Without in any way affecting the generality of the foregoing, Plaintiff expressly warrants, represents, covenants, and agrees to waive the provisions of any statute, regulation, common law, or equitable principle that would in any way operate to preclude this Agreement from being a full, final, and complete release as to the County Defendants, or any other person or entity released under this Agreement, with respect to the matters described above.

16. Plaintiff expressly warrants, represents, covenants, and agrees that he has not assigned any of the matters encompassed in this Agreement in whole or in part to any person or entity and that Plaintiff has full and absolute control over the disposition and release of the matters encompassed in this Agreement.

17. This Agreement shall be construed and interpreted in accordance with the laws of the State of Ohio. This Agreement may be executed in counterparts, and it is the intent of the Parties that the copy signed by any party will be fully enforceable against said party. Photocopies, .pdf format, or facsimiles are treated the same as original wet-ink signatures.

18. Plaintiff expressly warrants, represents, covenants, and agrees that this Agreement shall be interpreted and construed as if jointly prepared by Plaintiff and the County Defendants, and that this Agreement shall be construed most liberally and broadly to fully release, acquit, and discharge forever the County Defendants and the persons released under this Agreement.

19. Plaintiff expressly warrants, represents, covenants, and agrees that this Agreement constitutes a separate, binding contract by and among Plaintiff and the County Defendants and that Plaintiff's sole and exclusive remedy as to the County Defendants shall be for the performance of this Agreement. This Agreement represents the entire Agreement between the Parties with respect to the subject matter described herein and supersedes any prior understanding, whether written or oral. If any terms of this Agreement are found to be invalid or unenforceable, the remaining terms and provisions of the Agreement shall be valid and enforceable.

(Signatures on following page)

**PLAINTIFF:**

_____     _____
**Witness**                          **JOHN T. SANDERS**


_____
**Witness**


**CUYAHOGA COUNTY:**     _____
Christopher Ronayne, County Executive,
or designee pursuant to Executive Order
No. EO2023-0003 dated July 6, 2023


**APPROVED AS TO FORM BY:**     _____
David G. Lambert, Civil Division Chief
Cuyahoga County Prosecutor's Office

IN ACKNOWLEDGMENT AND AGREEMENT WITH RESPECT TO THE INDEMNITY PROVISIONS IN PARAGRAPH TWELVE AND IN AGREEMENT AS TO FORM AND CONTENT OF THE ENTIRE AGREEMENT.

**Murray & Murray Co. L.P.A.**

**By:** _____
  Dennis E. Murray, Jr.

**The Chandra Law Firm, LLC.**

**By:** _____
  Subodh Chandra

  *Attorneys for Plaintiff John T. Sanders*